**UNITED STATES of America,**
**Plaintiff,**

v.

**Satiris Galahad FASSOULIS, Defendant.**

United States District Court
S. D. New York.
June 28, 1960.

See also 179 F.Supp. 645.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City, for plaintiff; Herbert F. Roth, Asst. U. S. Atty., Astoria, N. Y., of counsel.

Samuel J. Siegel, New York City, for defendant

METZNER, District Judge.

The defendant moves upon the indictment and the bill of particulars to dismiss the indictment on the ground that the court was without jurisdiction thereof because the alleged crime set forth in the indictment was committed in Ohio.

The indictment alleges a violation of Title 18 U.S.C. § 1343. The pertinent part of the indictment is found in Paragraph 5, which reads as follows:

"5. For the purpose of executing the said scheme and artifice, on or about the 15th day of December, 1955, Satiris Galahad Fassoulis, the defendant, did unlawfully, wilfully and knowingly transmit and cause to be transmitted in interstate commerce, by means of interstate wire, to wit, telephone and telegraph, from Akron, Ohio to New York, New York, in the Southern District of New York, certain sounds" etc.

Section 1343 was added to the Criminal Code in 1952 and reads as follows:

"*Fraud by wire, radio, or television.* "Whoever, having devised or intending to devise any scheme or artifice to defraud, * * * transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

The gist of defendant's contention is that the offense is committed at the place where the sound originates and not where it is received. In this connection he attempts to draw an analogy to the mail fraud section as it existed before amendment in 1909. The crime was then defined as "place any letter or packet in any post-office * * *." R.S. § 5480, p. 1063 (1873–74). This section was subsequently amended by the addition of the clause "causes to be delivered by mail according to the direction thereon," 35 Stat. 1131 (1909), which wording is carried forward in the present section, 18 U.S.C. § 1341. The result was that the defendant could be indicted in the jurisdiction where the letter was received in addition to being subject to indictment in the jurisdiction where the letter was mailed. See Salinger v. Loisel, 1924, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989. Defendant argues that in order for him to be indicted in this district under Section 1343, the section would have to be similar to section 1341.

There is no analogy between the original wording of the mail fraud statute, as relied on by defendant here, and Section 1343. The mail fraud statute speaks of a specific act performed at a specific place. Section 1343 speaks of a continuing process rather than an act when it says "transmits or causes to be transmitted * * * sounds", etc. According to Webster's Dictionary (2nd Ed. 1960), "transmit" means "to send or transfer from one person or place to another; to forward by rail, post, wire, etc.; as, to transmit dispatches or baggage." "Transmit" is not limited to the initial act which sends the message on

**140**

the way, but embraces both the sending and the receiving of the message.

Section 3237, Title 18 U.S.C., provides:

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, * * * may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

Under this section venue was properly laid in this district and the motion is accordingly denied. United States v. Gross, 2 Cir., 1960, 276 F.2d 816.

So ordered.